UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ARNOLD HENRY,<br><br>                Plaintiff,<br><br>v.<br><br>KYLE MIHM, *et al.*,<br><br>                Defendants. | Case No. 22-cv-12830<br>Honorable David M. Lawson<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT (ECF NO. 26) AND TO DENY PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT (ECF NOS. 28, 30)**

## I.   Introduction

Plaintiff Arnold Henry, a prisoner of the Michigan Department of Corrections (MDOC), filed this pro se civil rights action under 42 U.S.C. § 1983 against MDOC corrections officers Kyle Mihm, Daniel Shaffer, and John Doe.  ECF No. 1.  The Honorable David M. Lawson referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 11.  Defendants move to dismiss and for summary judgment, and Henry filed two identical motions for summary judgment.  ECF No. 26; ECF No. 28; ECF No. 30.  The Court **RECOMMENDS** that defendants' motion

be **GRANTED IN PART AND DENIED IN PART** and that Henry's motions be **DENIED**.

## II.  Background

In August 2022, when Henry was naked in his cell because of the summer heat and poor ventilation, defendants suddenly opened the door and ordered him to step outside the cell. ECF No. 1, PageID.3-4. Henry asked for time to dress, but Mihm refused the request. *Id.*, PageID.4. Henry complied with the order to step outside of the cell, where he was naked in full view of defendants and other prisoners. *Id.* Mihm allegedly humiliated Henry by making a racially offensive comment about the size of Henry's genitals and other "sexually degrading remarks," causing other prisoners to laugh. *Id.*

After Henry filed a grievance under the Prison Rape Elimination Act (PREA), Mihm and Shaffer allegedly began to retaliate against him. *Id.*, PageID.5. Henry claims that Mihm banged loudly on his cell door in the morning and made a sexually offensive comment toward him. *Id.* Shaffer allegedly called Henry a snitch in front of other prisoners, putting Henry at risk of attack. *Id.* Henry alleges that Mihm's and Shaffer's conduct aggravated his mental illness and that he was transferred to a different unit for mental health treatment. *Id.*

Henry asserts that defendants (1) violated the Eighth Amendment by sexually harassing him and calling him a snitch in front of other inmates; (2) violated his equal protection rights by engaging in racial harassment; (3) retaliated against him in violation of the First Amendment; and (4) committed intentional infliction of emotional distress under state law. *Id.*, PageID.6.

### III. Analysis

#### *Defendants' Motion to Dismiss*

#### A.

A motion to dismiss under Rule 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League*

3

*of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Iqbal*, 556 U.S. at 678. But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *id.*, and the Court has no duty to create a claim not spelled out in the pleadings, *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007). Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

**B.**

Defendants argue that Henry fails to state an Eighth Amendment claim. ECF No. 26, PageID.111-114. The Court first addresses the claim stemming from the alleged sexual humiliation and then turns to the claim based on Shaffer's alleged remark that Henry was a snitch.

4

**1.**

The Eighth Amendment protects against the infliction of "cruel and unusual punishments" that involve "the unnecessary and wanton infliction of pain." U.S. Const. amend. VIII; *Estelle v. Gamble*, 429 U.S. 97, 103 (1976) (cleaned up). That protection extends to punishments that are "totally without penological justification." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (cleaned up). "No static 'test' can exist by which courts determine whether conditions of confinement are cruel and unusual, for the Eighth Amendment must draw its meaning from the evolving standards of decency that mark the progress of a maturing society." *Id*.

To state an Eighth Amendment claim, a plaintiff must allege facts that plausibly meet objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires that the deprivation be "sufficiently serious" and the subjective component requires that the involved prison official had a "sufficiently culpable state of mind." *Id*. (cleaned up). "Because sexual abuse by a corrections officer may constitute serious harm, physically and psychologically, when inflicted by an officer with a sufficiently culpable state of mind, allegations of such abuse are cognizable as Eighth Amendment claims." *Gist v. Little Sandy*

*Corr. Complex*, No. CIV.A.010CV00010-HRW, 2010 WL 1839911, at *2 (E.D. Ky. May 7, 2010).

Henry claims that defendants violated his Eighth Amendment rights by ordering him to stand naked in front of other prisoners and making degrading comments about his genitals. ECF No. 1, PageID.4. He says that he was humiliated as other prisoners laughed. *Id*. Defendants argue that Henry cannot satisfy the objective component of an Eighth Amendment claim because his complaint "is bereft of information about his mental health." ECF No. 26, 114. And because Henry's complaint does not state that defendants were aware of his mental health conditions, they suggest that Henry does not satisfy the subjective component. *Id*. The Court disagrees; Henry's allegations that defendants humiliated him by forcing him to stand nude in front of other prisoners states a plausible claim under the Eighth Amendment.

Courts "recognize that incarcerated prisoners retain a limited right to bodily privacy. Shielding one's unclothed figure from the view of strangers…is impelled by elementary self-respect and personal dignity." *Michenfelder v. Sumner*, 860 F.2d 328, 333 (9th Cir. 1988). Thus, "the Eighth Amendment protects against deliberate nude displays of inmates by prison staff." *Easley v. Tritt*, No. 1:17-CV-930, 2021 WL 978815, at *10

6

(M.D. Pa. Mar. 16, 2021). To satisfy the objective and subjective components of his Eighth Amendment claim, Henry need not show that he suffered injury to his mental health or that defendants knew that he was mentally ill. Rather, "the objective component is satisfied by the unnecessary nakedness, the subjective component by the intent to humiliate in doing so." *Solan v. Ranck*, No. CIV. 1:CV-06-0049, 2007 WL 4111424, at *9 (M.D. Pa. Nov. 16, 2007), *aff'd*, 326 F. App'x 97 (3d Cir. 2009).

In *Solan*, the plaintiff met that burden when guards deliberately put him "on display naked as they brought him back to his cell." *Id.* The plaintiff in *Easley* survived summary judgment of his Eighth Amendment claim when he alleged that "other inmates were allowed to see him naked when he was 'paraded' through the unit" twice. 2021 WL 978815, at *10. And in *Quade v. Milyard*, the plaintiff had a plausible Eighth Amendment claim when guards, among other actions, ordered the plaintiff to walk nakedly in front of others. No. CIVA 07CV00229WYDMJW, 2008 WL 4097469, at *3 (D. Colo. Sept. 2, 2008).

In sum, for Henry's claim that defendants forced him to stand nude in front of others and mocked his nudity, the only mental injury he needs to claim is humiliation. Thus, Henry's allegation that defendants sexually

7

humiliated him is enough to survive dismissal of his Eighth Amendment claim.

2.

The Court next evaluates Henry's Eighth Amendment claim that, by calling him a snitch in front of other prisoners, Shaffer was deliberately indifferent to his personal safety. The Eighth Amendment requires prison staff to take reasonable measures to guarantee prisoners' personal safety. *Hudson v. Palmer*, 468 U.S. 517, 527 (1984). "The Sixth Circuit has observed that identifying a prisoner as an informant or snitch may constitute deliberate indifference to the inmate's safety." *Jones v. Siwanowicz*, No. 1:20-cv-421, 2022 WL 1694150, at *6 (W.D. Mich. Apr. 18, 2022), *adopted*, 2022 WL 1690781 (W.D. Mich. May 26, 2022) (citing *LaFountain v. Martin*, 334 F. App'x 738, 741 (6th Cir. 2009)). And a prisoner may establish an Eighth Amendment claim if he "reasonably fears an attack." *Id*. (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *see also Thompson v. Cnty. of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994)).

Defendants do not argue that Henry had no reasonable fear of being attacked, so dismissal of his Eighth Amendment claim is not warranted. *See Jones*, 2022 WL 1694150, at *6-7.

8

**C.**

The Court agrees with defendants that Henry fails to state an equal protection claim. See ECF No. 26, PageID.115.

"The hallmark of the Equal Protection Clause is that 'all persons similarly situated should be treated alike.'" *Ryan v. City of Detroit*, 174 F. Supp. 3d 964, 976 (E.D. Mich. 2016) (quoting *City of Cleburne v. City of Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). To state an equal protection claim, a plaintiff must plausibly allege that the defendants treated him "disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011).

Henry claims that defendants discriminated against him when they racially harassed him, but he does not allege that similarly situated non-Black inmates were treated differently. His equal protection claim should be dismissed.

**D.**

Defendants argue that Henry also fails to state a claim of IIED. ECF No. 26, PageID.116-117. Under Michigan law, a plaintiff asserting an IIED claim must plead four elements: (1) extreme and outrageous conduct;

(2) intent or recklessness; (3) causation; and (4) severe emotional distress. *Oliver v. City of Berkley*, 261 F. Supp. 2d 870, 885 (E.D. Mich. 2003) (citing *Graham v. Ford*, 237 Mich. App. 670, 674 (1999)). "Liability attaches only where the conduct is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id.* at 885-86.

Defendants are right that their comments to Henry, alone, would not state a claim of IIED. "A defendant will not be found liable for mere insults, indignities, threats, annoyances, petty oppressions or other trivialities." *McGrew v. Duncan*, 333 F. Supp. 3d 730, 742 (E.D. Mich. 2018) (quoting *Polk v. Yellow Freight Sys., Inc.*, 801 F.2d 190, 195 (6th Cir. 1986)). But Henry's allegation that defendants forced him to stand nude in front of other prisoners for no legitimate purpose is enough to state a claim of IIED. *See Dzwonczyk v. Syracuse City Police Dep't*, 710 F. Supp. 2d 248, 273-74 (N.D.N.Y. 2008) ("At this stage of the litigation the court is unable to determine whether Plaintiff's strip search was lawful, and it appears that an unlawful strip search, without more, may be considered extreme and outrageous conduct."); *Jean-Laurent v. Hennessy*, No. 05-CV-1155, 2008 WL 3049875, at *20 (E.D.N.Y. Aug. 1, 2008) (summary judgment of IIED

10

claim denied when the plaintiff testified to being publicly strip searched without justification).

## Motions for Summary Judgment

### A.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Id.* at 324. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

**B.**

Defendants argue that Henry's retaliation claim must be dismissed because he failed to exhaust his administrative remedies. The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). The PLRA requires exhaustion of internal remedies for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To meet this requirement, an inmate must strictly comply with the administrative process provided by the prison. *Woodford*, 548 U.S. at 93-94. But an inmate need only exhaust those remedies that are actually "available"; if an administrative remedy "is not capable of use to obtain relief," then § 1997e will not act as a barrier to suit. *Ross v. Blake*, 578 U.S. 632, 643 (2016).

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). "But a prisoner countering a motion alleging failure to exhaust must offer competent and specific evidence showing that he indeed exhausted

12

his remedies, or was otherwise excused from doing so." *Parks v. Mich. Dep't of Corr.*, No. 2:20-cv-11673, 2021 WL 3533422, at *3 (E.D. Mich. May 17, 2021), *adopted*, 2021 WL 2820984 (E.D. Mich. July 7, 2021) (cleaned up). Summary judgment based on failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice. *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

Defendants contend that Henry failed to exhaust his retaliation claim because he did not pursue any grievances against Mihm through Step III of the grievance process and because his grievances against Shaffer did not comply with the procedures of MDOC Policy Directive (PD) 03.02.130. ECF No. 26, PageID.117-127. But Henry's allegations fall within the ambit of the procedure for prisoners to report sexual abuse and sexual harassment, MDOC PD 03.03.140 (effective April 5, 2021).

PD 03.03.140 "eliminated the administrative grievance procedure for addressing prisoner grievances regarding sexual abuse." PD 03.03.140, ¶ VV.[1] The policy states, "*If* prisoners utilize the prisoner grievance system to report an allegation of sexual abuse, the facility Grievance Coordinator shall forward the sexual abuse to the facility PREA Coordinator for further handling." *Id*. (emphasis added). Thus, PD 03.03.140 permits, but does

---

[1] *See* https://perma.cc/9KES-JZB4 (last visited January 16, 2024).

13

not require, a prisoner to use the normal grievance process to report sexual abuse. *Id*. In the same vein, PD 03.03.140 says that a prisoner "*may* utilize the prisoner grievance system…to report allegations of sexual harassment or retaliation." *Id*., ¶ WW (emphasis added).

The current version of the grievance process, PD 03.02.130, also eliminated the requirement that prisoners exhaust complaints about sexual abuse through its three-step process. *See* ECF No. 26-2, PageID.132, ¶ D; *cf. Miller v. Klee*, No. 17-11006, 2018 WL 1354473, at *6 (E.D. Mich. Feb. 23, 2018), *adopted*, 2018 WL 1326382 (E.D. Mich. Mar. 15, 2018) (describing earlier version of PD 03.02.130). And prisoners may exhaust claims of retaliation for filing other PREA grievances by following PD 03.03.140. *Jones v. Washington*, No. 2:22-cv-11047, 2023 WL 7225011, at *5 (E.D. Mich. Oct. 11, 2023), *adopted*, 2023 WL 7222674 (E.D. Mich. Nov. 2, 2023).

The language of PD 03.03.140 leaves no doubt that it applies to the conduct described by Henry. "Voyeurism"—which includes "requiring a prisoner to expose their buttocks, genitals, or breasts"—is a form of sexual abuse under the policy. PD 03.03.140, ¶¶ N, S(8). Yet defendants do not address PD 03.03.140 in their briefing.

14

And had defendants argued that Henry failed to exhaust his grievances under PD 03.03.140, that argument would have lacked merit. The reporting procedure under PD 03.03.140 is "so opaque that it becomes, practically speaking, incapable of use. In this situation, some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." *Ross*, 578 U.S. at 643-44. In 2019, the Sixth Circuit found that the "MDOC PREA grievance process is, in practice, filled with contradictions and machinations, and these contradictions and machinations render the process incapable of use." *Does 8-10 v. Snyder*, 945 F.3d 951, 965 (6th Cir. 2019) (cleaned up). Though MDOC has amended its PREA policy, mystery about how to exhaust a PREA claim remains.

That mystery remains because the current version of PD 03.03.140 lacks strict requirements for making PREA claims. Prisoners have many choices for reporting prohibited conduct "verbally or in writing regardless of when the incident was alleged to have occurred." MDOC PD 03.03.140, ¶ UU. The policy requires no specific form for reporting except for prisoners who wish to report sexual misconduct after they have been discharged. *Id.* And the policy describes no requirement or method for prison officials to provide written notice to a prisoner about the handling of

15

a PREA claim except that prisoners must be notified in writing if an administrative grievance alleging sexual abuse is removed from the grievance process for handling by the PREA Coordinator. *Id.*, ¶ VV. Otherwise, the only indication that an alleged victim would be notified that a PREA investigation had begun is a requirement that an investigator interview the alleged victim or complainant, the alleged perpetrator, and alleged witnesses. *Id.*, ¶¶ FFF, GGG.

If allegations of sexual abuse or harassment are substantiated, the facility must notify the victim of any related charges or convictions. *Id.*, PageID.134, ¶¶ KKK, LLL. And a prisoner who has reported sexual misconduct must be monitored for protection from retaliation for at least 90 days unless the allegations of misconduct are deemed unfounded. *Id.*, ¶ PPP. But the policy does not require that an investigation be completed within 90 days or any particular period, and it includes no requirement that a prisoner be notified if his allegations are found unsubstantiated.

The Court cannot discern from this policy how a prisoner is to exhaust a claim through the PREA process, so Henry should be excused from the exhaustion requirement, and summary judgment of his retaliation claim should be denied. *See Ross*, 578 U.S. at 643-44.

## C.

Finally, Henry moves for summary judgment on his claims. ECF No. 28; ECF No. 30. But Henry has not supported his claims with evidence, as the attached exhibits concern his grievances about his claims. ECF No. 30, PageID.181-216. And "the Sixth Circuit has a general rule that some discovery must be afforded the non-movant before summary judgment is granted," unless discovery would be superfluous. *EBI-Detroit, Inc. v. City of Detroit*, 476 F. Supp. 3d 651, 652 (E.D. Mich. 2007) (cleaned up).

Discovery has been stayed pending resolution of the dispositive motions. ECF No. 44. But discovery is necessary to resolve the surviving claims on the merits, so Henry's motions are premature and should be denied.

## IV. Conclusion

The Court thus **RECOMMENDS** that dismissal of Henry's equal protection claim be granted, but that defendants' motion to dismiss and for summary judgment be **GRANTED IN PART AND DENIED IN PART** (ECF No. 26); all but Henry's equal protection claim should survive. Henry's motions for summary judgment should be **DENIED** (ECF No. 28; ECF No. 30).

                                        s/Elizabeth A. Stafford
                                        ELIZABETH A. STAFFORD
                                        United States Magistrate Judge

Dated: January 26, 2024

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in**

18

**length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 26, 2024.

                                     s/Marlena Williams
                                     MARLENA WILLIAMS
                                     Case Manager