UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ARNOLD HENRY, <br><br> Plaintiff, <br><br> v. <br><br> K. MIHM, *et al.*, <br><br> Defendants. | Case No. 22-12830 <br> Honorable Robert J. White <br> Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING DEFENDANTS' MOTION TO FILE EXHIBITS UNDER SEAL (ECF NO. 100), GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO FILE EXHIBITS UNDER SEAL (ECF NO. 91), AND SCHEDULING AN EVIDENDIARY HEARING ON PLAINTIFF'S MOTION FOR SANCTIONS (ECF NO. 92)**

I. **Introduction and Background**

Plaintiff Arnold Henry, a Michigan Department of Corrections' (MDOC) prisoner, sues corrections officers Kyle Mihm and Daniel Shaffer under 42 U.S.C. § 1983. ECF No. 87. The Honorable Robert J. White referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 70.

Henry alleges that he was naked in his cell at the Charles E. Egler Reception and Guidance Center (RGC) in August 2022 because of the summer heat and poor ventilation. ECF No. 87, PageID.732. He says that

Mihm approached his cell and ordered him to step outside.  *Id*.  Henry responded that he was not dressed and needed a chance to put clothes on.  *Id*.  But Mihm refused this request, opened the cell door, and pulled Henry out naked in full view of other prisoners.  *Id*.  Mihm then allegedly made a racially offensive comment about the size of Henry's genitals and other racist and sexually degrading remarks, causing other prisoners to laugh and cat-call Henry.  *Id*., PageID.733.  Henry claims that Mihm violated his Eighth Amendment rights by subjecting him to cruel and unusual punishment which includes violations of bodily privacy.  *Id*., PageID.738.

     Henry moves for sanctions, claiming that Mihm violated his duty to preserve video footage of this incident.  ECF No. 92.  The only video evidence preserved and produced by Mihm is a four-minute clip, taken on August 12, 2022 from 2:10 p.m. to 2:14 p.m., that did not include the alleged incident.  *Id*., PageID.781.  Henry requests a judgment or factual findings in his favor.  Mihm contends that he had no duty or ability to preserve video evidence, and that Henry is to blame for the lack of preservation because he reported that the incident happened precisely at 2:10 p.m.  ECF No. 99, PageID.1090-1091.  Both parties moved to file exhibits under seal in support of their briefs. ECF No. 91; ECF No. 100.

The Court held oral argument on March 10, 2025, but now finds that it must hold an evidentiary hearing on whether Mihm is culpable in the failing to preserve the video of the event at issue, and if so, what sanctions may be warranted. The evidentiary hearing will be held on May 30, 2025 at 10:00 a.m.

II.   Analysis

### A.

The Court begins by addressing the parties' motions to file exhibits under seal.

In *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, the Sixth Circuit emphasized the movant's burden for overcoming the strong presumption that records filed with the court be done so openly. 825 F.3d 299, 305 (6th Cir. 2016). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). Thus, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). The moving party must meet this heavy burden even if no party objects, and with a "document-by-document, line-by-line" showing "that specific

information in the court record meets the demanding requirements for a seal." *Shane Grp*, 825 F.3d at 308.  The order to seal must be narrowly tailored to serve the compelling reason for the seal.  *See, e.g.*, *Press–Enter. Co. v. Superior Court of California, Riverside Cnty*., 464 U.S. 501, 509-11 (1984).

This district updated Rule 5.3 in 2018 to enforce the presumption of openness.  Under that rule, a motion to file under seal must include "for each proposed sealed exhibit or document, a detailed analysis, with supporting evidence and legal citations, demonstrating that the request to seal satisfies controlling legal authority."  Rule 5.3(b)(3)(iv).

Defendants' motion is granted because it meets the requirements of Rule 5.3.  They seek to file selected portions of transcript depositions for Matthew Stephenson, Russell Wahtola, and Jackie Vallance under seal.  ECF No. 100.  Their request is narrowly tailored and asks that portions of the transcripts dealing with the non-relevant personal work history of deponents be redacted.  *Id.*, PageID.1495-1496.  And defendants' motion is supported by legal authority finding good cause to limit discovery if it implicates the safety and security of prisons and prison staff.  *Id.*, PageID.1495 (citing *Johnson v. CoreCivic, Inc*., No. 18-CV-01051-STA-

TMP, 2019 WL 2158239 (W.D. Tenn. Apr. 3, 2019); *Good v. Walworth*, No. 17-CV-101402019, 2019 WL 13368365, *3 (E.D. Mich. April 19, 2019)).

Henry's motion is granted in part and denied because it is not narrowly tailored. He seeks to file several exhibits under seal that were marked as "confidential" or "Attorney Eyes Only" under a stipulated protective order. ECF No. 91, PageID.769 (citing to the parties' protective order at ECF No. 68)). Henry says that these exhibits "contain personal information as well as information relevant to the security of the MDOC." *Id.*, PageID.770. But these "naked conclusory" claims "fall woefully short." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983) (cleaned up). And the parties' protective order is insufficient to justify the sealing of documents filed with the Court. *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 F. App'x 202, 207 (6th Cir. 2016).

After reviewing the proposed sealed documents, the Court sees no basis to seal ECF No. 93 or ECF No. 94, and orders those documents unsealed. ECF No. 95 and ECF No. 96, a logbook and video file, may remain sealed. *See Lowe v. Vadlamudi*, No. 08-CV-10269, 2009 WL 10682269, at *1 (E.D. Mich. Nov. 19, 2009) ("[P]rison logbooks contain count times, officers' rounds, confidential information about prisoners, and other information, which creates security concerns if released."); *Est. of*

5

*Miller v. Mich. Dep't of Corr.*, No. 22-10934, 2022 WL 3153794, at *2 (E.D. Mich. Aug. 8, 2022) (collecting cases to show that "courts have found it appropriate to seal or otherwise protect prison surveillance videos.").

That leaves ECF No. 97, a 71-page filing that includes obviously nonconfidential documents, including MDOC's PREA policy and the publicly available Offender Tracking Information System data about Henry. PageID.1051-1058. The Court orders Henry to, by May 23, 2025, refile this exhibit but redact these pages: PageID.1008-1009 and 1013-1016.

## B.

The Court turns to Henry's motion for sanctions based on spoliation. Henry seeks judgment in his favor on his Eighth Amendment claim against Mihm or a factual finding that Henry's allegations are true for the purposes of dispositive motions or a jury trial. ECF No. 92, PageID.805. Mihm argues that he was under no duty to preserve the video evidence because he lacked custody and control over it. ECF No. 99, PageID.1085-1089. But Mihm's lack of custody or control over the video does not necessarily absolve him of culpability for its destruction.

A party seeking a spoliation sanction because evidence was destroyed must establish "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2)

6

that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Yoder & Frey Auctioneers, Inc. v. EquipmentFacts, LLC*, 774 F.3d 1065, 1070 (6th Cir. 2014) (cleaned up).  District courts have broad discretion to decide whether spoliation sanctions should be imposed, including whether a prison official is culpable for failing to preserve evidence held by the prison facility.  *Adkins v. Wolever*, 692 F.3d 499, 506–07 (6th Cir. 2012).  "The culpable state of mind factor can be satisfied if evidence was destroyed knowingly or negligently." *Williams v. City of Grand Rapids*, 672 F. Supp. 3d 395, 412 (W.D. Mich. 2023).[1]

In *Adkins*, the district court found the defendant "not culpable because he had no control over the evidence."  692 F.3d at 506.  The defendant had no access to the video and photographic evidence and believed that the evidence would be preserved under prison policy. *Id.*  So

---

[1] Mihm argues that cases about spoliation of electronically store information (ESI) that predate the 2015 enactment of Federal Rule of Civil Procedure 37(e) are stale.  ECF No. 99, PageID.1087-1089.  But that rule controls the available sanctions for spoliation of ESI, not whether a defendant can be found culpable for spoliation.  For alleged spoliation of ESI, the initial inquiry continues to be whether the party is culpable.  *See Ouza v. City of Dearborn Heights, Michigan*, 969 F.3d 265, 285 (6th Cir. 2020); *Williams*, 672 F. Supp. 3d at 395.

7

the Sixth Circuit held that the district court did not abuse its discretion, but it declined to adopt a bright-line rule establishing whether a district court should find a prison official culpable for spoliation of evidence held by a prison. *Id*. Determining whether a prison official is culpable is a "fact-intensive inquiry" and "on a case-by-case basis." *Id.* (cleaned up).

The plaintiff in *Adkins* had argued that "the 'failure to impose a spoliation sanction against [the defendant] opens the door for [prisons] to destroy evidence in all prisoner cases' because the prison itself is not subject to suits under the Eleventh Amendment, thus it would have an incentive to destroy evidence that is damaging to its employee's case." *Id.* While agreeing that the concern was justifiable, the court refused to impose a rule that would "force prison employees to constantly second guess their employer's ability to maintain potential evidence for possible litigation." *Id*. Still, the court emphasized that the conclusion in *Adkins* did "not mean that prisons have a carte blanche to destroy any evidence that would be beneficial to a prisoner's civil rights complaint." *Id*. (cleaned up).

Denying that he is culpable, Mihm blames Henry for MDOC's failure to preserve all but four-minutes of video footage, claiming officials relied on Henry's initial grievance that provided "a very specific date and time." ECF No. 99, PageID.1092. Mihm claims that Henry never raised the possibility

8

that the incident occurred at any time other than August 12, 2022 at 2:10 p.m. *Id.*, PageId.1079. These claims are untrue.

Henry's initial grievance, filed on August 14, 2022, states that the incident happened at "approx 2:10 p." ECF No. 97, PageID.1012. Other records likewise show that Henry was unsure of the exact timing of the incident, and officials testified that prisoners in segregation have no watches and might not be able to see clocks. *See* ECF No. 92-5, PageID.820; ECF No. 92-6, PageID.851; ECF No. 92-8, PageID.874; ECF No. 92-11, PageID.889. It would thus make little sense for the MDOC to rely on prisoners in segregation for the precise time of an incident.

In fact, testimony suggests that the MDOC *does not* rely on the prisoner to preserve video related to a grievance. During a deposition, grievance coordinator Aaron Hawkins testified that, if a video is mentioned in a grievance, he relies on the respondent to provide the video. ECF No. 92-8, PageID.869-870. Henry's attorney then clarified, "So what you are saying is in the investigation process if the respondent says look, here is the date and time, this is what happened, then here is the video of it, then you would preserve that with the grievance records?" *Id.*, PageID.870. Hawkins agreed. *Id.* And as commonly known within the facility, unpreserved video is overwritten after 30 days. ECF No. 92-5, PageID.839;

9

ECF No. 92-6, PageID.852; ECF No. 92-8, PageID.870; ECF No. 92-9, PageID.880. Thus, Mihm may be culpable for failing to provide Hawkins with the right timeframe for the incident despite knowing that unpreserved video would be lost.

And Mihm may have had a duty to ensure that the video was preserved. The duty to preserve "arises when a party has notice that the evidence is relevant to litigation or should have known that the evidence may be relevant to future litigation." *Franklin v. Shelby Cnty. Bd. of Educ.*, No. 20-CV-02812-JPM-TMP, 2021 WL 6066673, at *4 (W.D. Tenn. Sept. 28, 2021), *adopted in part*, No. 220CV02812JPMTMP, 2021 WL 5449005 (W.D. Tenn. Nov. 22, 2021) (cleaned up). In assessing the obligation in prisoner suits, "courts should consider the type and seriousness of the injury; how often similar kinds of incidents lead to litigation;" and "what steps both parties took after the incident and before the loss of the evidence, including whether the defendant initiated an investigation into the incident." *Manning v. Erdos*, No. 1:22-CV-371, 2024 WL 2882647, at *4 (S.D. Ohio June 7, 2024) (cleaned up).

A prisoner's filing of a grievance, especially when combined with other circumstances, may be enough notice that the video recording of the incident will be relevant to future litigation. *Annabel v. Frost,* No. 14-10244,

10

2023 WL 2015577, at *3 (E.D. Mich. Feb. 15, 2023); *Bruin v. Swank*, No. 5:16-CV-105-BJB, 2025 WL 289679, at *6 (W.D. Ky. Jan. 24, 2025); *Bistrian v. Levi*, 448 F. Supp. 3d 454, 469 (E.D. Pa. 2020).  In his grievance, Henry specifically requested that officials review the video evidence for proof.  ECF No. 97, PageID.1012; *see Annabel*, 2023 WL 2015577, at *3 (finding the duty to preserve arose because grievance requested that the video evidence be preserved for litigation).  Another circumstance that may support finding that Mihm had a duty to ensure that the video recording was preserved is that Henry's grievance alleged sexual harassment, thus prompting Inspector Hawkins to refer it to PREA Coordinator Wahtola for a mandatory investigation.  ECF No. 97, PageID.1011; *Hargis v. Overton Cnty., Tennessee*, No. 2:22-CV-00011, 2023 WL 8604139, at *10 (M.D. Tenn. Dec. 12, 2023) ("A defendant's decision to open an investigation can indicate that it was reasonable to expect a lawsuit.") (cleaned up).

      The Court must also consider whether, on top of the rules that generally apply in civil litigation, "there was an independent requirement that lost information be preserved which may arise from statutes, administrative regulations, an order in another case, or a party's own information retention protocols."  Rule 37(e), Advisory Committee Notes

11

(2015). PREA includes an independent requirement to preserve evidence. "Congress enacted PREA with the purpose of implementing standards and policies to prevent prison rape and to protect the Eighth Amendment rights of Federal, State, and local prisoners." *Does 8-10 v. Snyder*, 945 F.3d 951, 955–56 (6th Cir. 2019) (cleaned up). Thus, the PREA requires the MDOC to investigate all prisoner allegations of sexual abuse and states that investigators must gather and preserve electronic monitoring data. 28 C.F.R. § 115.63 (d); 28 C.F.R. § 115.71(a)(c); *see also* ECF No. 92-5, PageID.826-827 (Wahtola says that it is protocol for video evidence to be preserved when a PREA investigation is opened).

Under *Adkins*, the question of whether Mihm is culpable requires a fact-intensive inquiry. 692 F.3d at 506. The Court will thus hold an evidentiary hearing on that issue.

## C.

If Mihm is culpable, the question will be whether he should be sanctioned and what sanctions are permitted. Federal Rule of Civil Procedure 37(e) permits curative measures when a party has been prejudiced from the loss of electronically stored information (ESI), but a dispositive sanction or adverse jury instruction is allowed only when the ESI was lost with intent:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
>> (1) upon finding prejudice to another party from loss of the information, may order measures nor greater than necessary to cure the prejudice; or
>> (2) only upon finding that the party acted with intent to deprive another party of the information's use in the litigation may:
>> (A) presume the lost information was unfavorable to the party;
>> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>> (C) dismiss the action and enter a default judgment.

And when ESI is at issue, Rule 37(e) is meant to "foreclose[ ] reliance on inherent authority or state law to determine when certain measure should be used" because of spoliation. Rule 37, Advisory Committee Notes (2015). Thus, for sanctions under Rule 37(e)(2), "[a] showing of negligence or even gross negligence will not do the trick." *Applebaum v. Target Corp.*, 831 F.3d 740, 745 (6th Cir. 2016); *see also Williams v. City of Grand Rapids*, 672 F. Supp. 3d 395, 412 (W.D. Mich. 2023) (same).

These rules will guide the Court's decision about whether Mihm should be sanctioned if he is found culpable of failing to preserve the video recording of the incident.

### III. Conclusion

Thus, the Court **GRANTS IN PART AND DENIES IN PART** Henry's motion to file exhibits under seal (ECF No. 91), and **GRANTS** defendants' motion to file exhibits under seal (ECF No. 100). ECF No. 93 and ECF No. 94 are **UNSEALED**, and Henry must refile ECF No. 97 unsealed by **May 23, 2025**, with PageID.1008-1009 and 1013-1016 redacted.

The parties are **ORDERED** to appear for an evidentiary hearing on **May 30, 2025** at **10:00 a.m**. on the issues of whether Mihm is culpable for the MDOC's failure to preserve the video of the incident and, if so, whether sanctions should be imposed.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: May 1, 2025

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling**

14

**remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 1, 2025.

s/Davon Allen
DAVON ALLEN
Case Manager
