UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARNOLD HENRY,

     Plaintiff,

v.

KYLE MIHM, et al.,

     Defendants.

Case No. 22-cv-12830

Honorable Robert J. White
Magistrate Judge Elizabeth A. Stafford

---

**ORDER OVERRULING DEFENDANTS' OBJECTIONS AND AFFIRMING THE PORTION OF THE MAGISTRATE JUDGE'S ORDER GRANTING IN PART PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

---

Before the Court is Magistrate Judge Elizabeth A. Stafford's December 12, 2024 order granting in part and denying in part Henry's motion to amend the complaint. (ECF Nos. 78, 86). Defendants timely objected to the portion of the order granting the motion in part, which permitted Henry to supplement the allegations supporting his First Amendment retaliation claim. *See* Fed. R. Civ. P. 72(a). (ECF No. 88; *see also* ECF No. 86, PageID.723-26). Henry responded. (ECF No. 89). Defendants filed a reply. (ECF No. 90).

Motions to amend the complaint seek a non-dispositive form of relief. *See* 28 U.S.C. § 636(b)(1)(A); *see also Wiggins v. Argent Mortg. Co., LLC*, No. 11-15118,

2012 U.S. Dist. LEXIS 102057, at *2 (E.D. Mich. Jul. 20, 2012).  District courts may "reconsider" a magistrate judge's decision on a non-dispositive "pretrial matter" only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a).  "A factual finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (cleaned up).  "An order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (cleaned up).

The Court reviewed both the magistrate judge's order and defendants' objections.  Since the magistrate judge's ruling is not "clearly erroneous or contrary to law,"[1] it is hereby,

ORDERED that defendants' objections to the portion of the magistrate judge's December 12, 2024 order granting in part Henry's motion to amend the complaint (ECF No. 88) is overruled.

---

[1] Defendants argue that the magistrate judge, among other things, failed to consider whether they are entitled to qualified immunity on the supplemental allegations in the amended complaint. (ECF No. 88, PageID.751-54).  But the United States Court of Appeals for the Sixth Circuit "generally denies qualified immunity at the [pleading] stage in order for the case to proceed to discovery, so long as the plaintiff states a plausible claim for relief." *Marvaso v. Sanchez*, 971 F.3d 599, 606 (6th Cir. 2020).  Henry's supplemental allegations prove no exception to this rule.

IT IS FURTHER ORDERED that the portion of the magistrate judge's December 12, 2024 order granting in part Henry's motion to amend the complaint (ECF No. 86) is affirmed.


Dated: March 17, 2026                         s/ Robert J. White
                                              Robert J. White
                                              United States District Judge